PER CURIAM.
The Florida Sentencing Guidelines Commission (the Commission) petitions this Court to revise the statewide sentencing guidelines to conform with statutory enactments passed during the 1997 legislative session and clarify changes made during the 1996 legislative session. The Commission seeks to amend the procedural rule contained in Florida Rule of Criminal Procedure 3.703 and the scoresheets contained in rule 3.991. We have jurisdiction. Art. V, § 2(a), Fla. Const.
The legislature in chapter 97-194, Laws of Florida, changed the amended 1994 sentencing guidelines to clarify those guidelines and add new provisions. The Department of Corrections, in response to legislative directive, drafted and submitted to the Commission specific rule revisions reflecting the statutory changes and the proposed revisions were approved by the Commission. In addition, certain legislative changes contained in chapter 97-298, Laws of Florida, require rule revisions.
The proposed changes accomplish the following: The revisions reflect the fact that *1172 effective July 1, 1997, substance abuse or addiction, including intoxication, is no longer a mitigating factor to justify a downward departure sentence; the revisions also provide that anyone sentenced for a felony committed on or after July 1, 1997, with at least one previous felony conviction, and whose recommended sentence is a nonstate prison sanction or less than twenty-two months, may be sentenced to up to twenty-two months in the Department of Corrections; effective October 1,1997, anyone convicted of an offense determined to be a crime of domestic violence as defined in section 741.28, Florida Statutes (1995), and such offense was committed in the presence of a child who is related by blood or marriage to the victim or perpetrator and is under the age of sixteen, may have their subtotal sentence points multiplied by 1.5, at the discretion of the court; the language concerning assessment of prior serious felony points is amended to clarify a change made by the 1996 legislature which allows assessment of prior serious felony points if an additional offense qualifies; the street gang multiplier has been added to the revised scoresheet and, therefore, the language concerning annotation contained in the rule and committee notes is no longer necessary.
We hereby adopt the amendments to rules 3.703 and 3.991 as appended to this opinion. The amendments are effective July 1, 1997, except the amendments to rule 3.703(d)(25) and rule 3.991(a) required by chapter 97-298, Laws of Florida, which are effective October 1,1997.
New language is indicated by underlining; deletions are indicated by struck-through type.
It is so ordered.
OVERTON, SHAW, GRIMES, HARDING, WELLS and ANSTEAD, JJ., concur.
Appendix
Rule 3.703 SENTENCING GUIDELINES
[No changes to subdivisions (a) through (c).]
(d) General Rules and Definitions.
[No changes to subdivisions (1) through (11).]
(12) A single assessment of thirty prior serious felony points is added if the offender has a primary offense or any additional offense ranked in level 8, 9, or 10 and one or more prior serious felonies. A “prior serious felony” is an offense in the offender’s prior record ranked in level 8, 9, or 10 and for which the offender is serving a sentence of confinement, supervision or other sanction or for which the offender’s date of release from confinement, supervision or other sanction, whichever is later is within 3 years before the date the primary offense or any additional offenses were committed. Out of state convictions wherein the analogous or parallel Florida offenses are located in offense severity level 8, 9, or 10 are to be considered prior serious felonies.
[No changes to subdivisions (13) through (23).]
(24) If the offender is found to be a member of a criminal street gang pursuant to section 874.04, at the time of the commission of the primary offense, the subtotal sentence points are multiplied by 1.5. Such multiplier shall be annotated-at-Section-I-X-of-tho-score-sheet.
(25) If the primary offense is determined to be a crime of domestic violence as defined in section 741.28 and to have been committed in the presence of a child who is related by blood or marriage to the victim or perpetrator and who is under the age of 16, the subtotal sentence points are multiplied, at the discretion of the court, by 1.5.
(25) (26) “Total sentence points” are the subtotal sentence points or the enhanced subtotal sentence points.
(26) (27) “Presumptive sentence” is determined by the total sentence points. A person sentenced for a felony committed on or after July 1, 1997, who has at least one prior felony conviction and whose recommended sentence is any nonstate prison sanction may be sentenced to community control or a term of incarceration not to exceed 22 months. A person sentenced for a felony committed on or after July 1, 1997, who has at least one prior felony conviction and whose minimum *1173 recommended sentence is less than 22 months in state prison may be sentenced to a term of incarceration not to exceed 22 months.
In ail other cases, I if the total sentence points are less than or equal to 40, the recommended sentence, absent a departure, shall not be state prison. The court may impose any nonstate prison sanction authorized by law, including community control. However, the sentencing court may increase sentence points less than or equal to 40 by up to and including 15% to arrive at total sentence points in excess of 40. If the total sentence points are greater than 40 but less than or equal to 52, the decision to sentence the defendant to state prison or a nonstate prison sanction is left to the discretion of the sentencing court. If the total sentence points are greater than 52, the sentence, absent a departure, must be to state prison.
A state prison sentence is calculated by deducting 28 points from the total sentence points where total sentence points exceed 40. The resulting number represents state prison months. State prison months may be increased or decreased by up to and including 25% at the discretion of the sentencing court. State prison months may not be increased where the sentencing court has exercised discretion to increase total sentence points under 40 points to achieve a state prison sentence. The sentence imposed must be entered on the scoresheet.
If the total sentence points are equal to or greater than 363, the court may sentence the offender to life imprisonment.
(2?)- (28) If the recommended sentence under the sentencing guidelines exceeds the maximum sentence authorized for the pending felony offenses, the guidelines sentence must be imposed, absent a departure. Such downward departure must be equal to or less than the maximum sentence authorized by section 775.082.
(28) (29) For those offenses having a mandatory penalty, a scoresheet should be completed and the guidelines presumptive sentence calculated. If the presumptive sentence is less than the mandatory penalty, the mandatory sentence takes precedence. If the presumptive sentence exceeds the mandatory sentence, the presumptive sentence should be imposed.
(29) (30) Departure from the recommended guidelines sentence provided by the total sentence points should be avoided unless there are circumstances or factors that reasonably justify aggravating or mitigating the sentence. A state prison sentence that deviates from the recommended prison sentence by more than 25%, a state prison sentence where the total sentence points are equal to or less than 40, or a sentence other than state prison where the total sentence points are greater than 52 must be accompanied by a written statement delineating the reasons for departure. Circumstances or factors that can be considered include, but are not limited to, those listed in subsections 921.0016(3) and (4). Reasons for departing from the recommended guidelines sentence shall not include circumstances or factors relating to prior arrests without conviction or charged offenses for which convictions have not been obtained.
(A) If a sentencing judge imposes a sentence that departs from the recommended guidelines sentence, the reasons for departure shall be orally articulated at the time sentence is imposed. Any departure sentence must be accompanied by a written statement, signed by the sentencing judge, delineating the reasons for departure. The written statement shall be filed in the court file within 7 days after the date of sentencing. A written transcription of orally stated reasons for departure articulated at the time sentence was imposed is sufficient if it is signed by the sentencing judge and filed in the court file within 7 days after the date of sentencing. The sentencing judge may also list the written reasons for departure in the space provided on the guidelines scoresheet and shall sign the scoresheet.
(B) The written statement delineating the reasons for departure shall be made a part of the record. The written statement, if it is a separate document, must accompany the guidelines scoresheet required to be provided to the Department of Corrections pursuant to subsection 921.0014(5).
*1174 (SO) (31) The sentencing court shall impose or suspend sentence for each separate count, as convicted. The total sentence shall be •within the guidelines sentence unless a departure is ordered.
If a split sentence is imposed, the inear-cerative portion of the sentence must not deviate more than 25 percent from the recommended guidelines prison sentence. The total sanction (incarceration and community control or probation) shall not exceed the term provided by general law or the guidelines recommended sentence where the provisions of subsection 921.001(5) apply.
(31) (32) Sentences imposed after revocation of probation or community control must be in accordance with the guidelines. Cumulative incarceration imposed after revocation of probation or community control is subject to limitations imposed by the guidelines. A violation of probation or community control may not be the basis for a departure sentence.
Committee Notes
1996 Amendments.
(d)(24) The amendment applies to crimes committed on or after October 1, 1996. — If with the words, “Sfreet-Gang-Enhancement” at-geetien IX of the-for-m-app earing- at Florida Rule of Criminal Procedure-3D9-l(a);

1997 Amendments.

(d) (25) The amendment applies to crimes committed on or after October 1,1997.

*1175 [[Image here]]
*1176 [[Image here]]
*1177 [[Image here]]
*1178 If reasons cited for departure are not listed below, please write reasons on the reverse side. Reasons for Departure — Aggravating Circumstances
□ Legitimate, uncoerced, plea bargain.
□ Offense was one of violence and was committed in a manner that was especially heinous, atrocious or cruel.
□ Offenses arose from separate episodes. Primary offense is at level 4 or higher and the defendant has committed 5 or more offenses within a 180 day period that have resulted in convictions.
□ Primary offense is scored at level 3 and the defendant has committed 8 or more offenses within a 180 day period that have resulted in convictions.
□ Offense was committed within 6 months of defendant’s discharge from a release program or state prison.
□ Defendant occupied leadership role in a criminal organization.
□ Offense committed by a public official under color of office.
□ Defendant knew victim was a law enforcement officer at the lime of the offense: the offense was a violent offense: and that status is not an element of the primary offense.
□ Offense created substantial risk of death or great bodily harm to many persons or to one or more small children.
□ Victim especially vulnerable due to age or physical or mental disability.
□ Offense was motivated by prejudice based on race, color, ancestry, ethnicity, religion, sexual orientation, or national origin of the victim.
□ Victim suffered extraordinary physical or emotional trauma or permanent physical injury, or was treated with particular cruelty.
□ Victim was physically attacked by the defendant in the presence of one or more members of the victim's family.
□ Offense resulted in substantial economic hardship to a victim and consisted of an illegal act or acts committed by means of concealment, guile, or fraud to obtain money or property, to avoid payment or loss of money or property, or to obtain business or professional advantage, when two or more of the following circumstances were present:
□ Offense involved multiple victims or multiple incidents per victim;
□ Offense involved a high degree of sophistication or planning or occurred over a lengthy period of time;
□ The defendant used position or status to facilitate the commission of the offense, including positions of trust, confidence, or fiduciary relationship; or
D The defendant was in the past involved in other conduct similar to that involved in the current offense.
□ Offense committed in order to prevent or avoid arrest, to impede or prevent prosecution for the conduct underlying the arrest, or to effect an escape from custody.
□ Defendant is not amenable to rehabilitation or supervision, as evidenced by an escalating pattern of criminal conduct as described in s 921.001(8).
□ Defendant induced a minor to participate in any of the offenses pending before the court for disposition.
□ Primary offense is scored at level 7 or higher and the defendant has been convicted of one or more offense that scored, or would have scored, at an offense 8 or higher.
□ Defendant has an extensive unscoreable juvenile record
□ Effective for offenses committed on or after January 1,1997 — Defendant committed an offense involving sexual contact or sexual penetration and as a direct result of the offense, the victim contracted a sexually transmissable disease
Reasons for Departure — Mitigating Circumstances
□ Legitimate, uncoerced plea bargain
□ Defendant was an accomplice to the offense and was a relatively minor participant in the criminal conduct
□ The capacity of the defendant to appreciate the criminal nature of the conduct or to conform that conduct to the requirement of law was substantially impaired.
□ Defendant requires specialized treatment for addiction, mental disorder, or physical disability, and the defendant is amenable to treatment.
□ Effective only for offenses committed prior to July 1,1997 - Defendant requires specialized treatment for addiction and is amenable to treatment.
□ The need for payment of restitution to the victim outweighs the need for a prison sentence.
□ The victim was an initiator, willing participant, aggressor, or provoker of the incident.
□ The defendant acted under extreme duress or under the domination of another person.
□ Before the identity of the defendant was determined, the victim was substantially compensated.
□ Defendant cooperated with the State to resolve the current offense or any other offense.
□ The offense was committed in an unsophisticated manner and was an isolated incident for which the defendant has shown remorse.
□ At the time of the offense the defendant was too young to appreciate the consequences of the offense.
□ Defendant to be sentence as a youthful offender.